# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN R. RAFFERTY and | § | |
| NATALIE RAFFERTY, | § | |
| individually and as natural | § | **PLAINTIFFS** |
| parents and wrongful death | § | |
| beneficiaries of J.R.R., a minor | § | |
| | § | |
| v. | § | **CAUSE NO. 1:09CV260 LG-RHW** |
| | § | |
| SHAWN D. HOWARD and | § | |
| COMMERCIAL EXPRESS, INC. | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER REGARDING MOTIONS FOR PARTIAL SUMMARY JUDGMENT

BEFORE THE COURT are three Motions filed by Defendant Shawn D. Howard: 1) for Partial Summary Judgment [101] as to Non-Economic Damages; 2) for Partial Summary Judgment [103] as to Reckless Driving; and 3) for Partial Summary Judgment [105] Regarding Causation. Defendant Commercial Express, Inc. joined in each motion. The Plaintiffs responded to two of the motions - those regarding reckless driving and causation - but they did not respond to the motion regarding non-economic damages. Defendants replied to the responses. The Court has carefully considered the submissions, the record in this case and the relevant law, and finds as follows.

FACTS AND PROCEDURAL HISTORY

On the morning of April 11, 2006, Plaintiffs' minor child J. R. R. was riding in the open bed of a pickup truck being operated by the child's grandfather Harry F. Rafferty in Tishomingo County, Mississippi. At an intersection with Highway 72, Harry Rafferty failed to yield the right of way to Shawn Howard, who was driving his

vehicle eastbound on the highway. A collision occurred, and the child was ejected from the bed of the pickup truck and subsequently died en route to the hospital. Another child riding in the back of the truck was also ejected and injured. Despite Rafferty's failure to yield the right-of-way, Plaintiffs allege Howard was negligent in that he had the last clear chance to avoid the accident but failed to do so. They bring claims against the Defendants for reckless driving pursuant to MISS. CODE § 63-3-1201, careless or imprudent driving pursuant to MISS. CODE § 63-3-1213, and wrongful death.

Non-Economic Damages:

Defendants seek a ruling that the Plaintiffs' non-economic damages are limited by the Mississippi Tort Claims Act to $1 million. MISS. CODE § 11-1-60(2) provides in part that:

> (b) In any civil action filed on or after September 1, 2004, other than those actions described in paragraph (a) of this subsection [relating to medical malpractice], in the event the trier of fact finds the defendant liable, they shall not award the plaintiff more than One Million Dollars ($1,000,000.00) for noneconomic damages.
>
> It is the intent of this section to limit all noneconomic damages to the above.
>
> (c) The trier of fact shall not be advised of the limitations imposed by this subsection (2) and the judge shall appropriately reduce any award of noneconomic damages that exceeds the applicable limitation.

The Plaintiffs' Complaint states that their demand is for $1 million in "actual, special and compensatory damages." Compl. 5, ECF No. 1. Thus, the total amount sought by Plaintiffs is no more than the statutory cap for non-economic damages. Although the cap may become relevant in the event that a jury awards more than $1

million in non-economic damages, that has not yet occurred. If it does, the Court will follow the lead of other federal district courts in Mississippi and consider the applicability of § 11-1-60(2). *See, e.g., Bridges v. Enter. Prod. Co., Inc.*, No. 3:05CV786 WHB-LRA, 2008 WL 80401 (S.D. Miss. Jan. 4, 2008). A ruling on the matter is premature at this stage of the proceedings, and may ultimately be unnecessary. The Defendants' Motion for Partial Summary Judgment as to Non-Economic Damages will therefore be denied as premature.

Reckless Driving:

Defendants contend that Howard could not be found to be "guilty" of reckless driving as defined by MISS. CODE § 63-3-1201 as a matter of law. The statute provides that:

> Any person who drives any vehicle in such a manner as to indicate either a wilful or a wanton disregard for the safety of persons or property is guilty of reckless driving. Reckless driving shall be considered a greater offense than careless driving.

MISS. CODE § 63-3-1201. Defendants argue that there is no evidence that Howard was acting with willful and wanton disregard at the time of the accident.

The Plaintiffs argue that there is sufficient evidence of recklessness to create a jury question. That evidence is the testimony of a witness that Howard was not keeping a constant lookout, but was looking down while approaching the intersection at excessive speed. According to Plaintiffs' evidence, Howard was traveling anywhere from 3 to 20 miles per hour over the posted speed limit of 65 miles per hour.

"Reckless disregard is more than mere negligence, but less than an intentional

act" and "usually is accompanied by a conscious indifference to consequences, amounting almost to a willingness that harm should follow." *Miss. Dep't of Safety v. Durn*, 861 So. 2d 990, 994-95(¶ 10) (Miss. 2003) (citations omitted).

In an early case applying the reckless driving statute in circumstances similar to this case, the Mississippi Supreme Court held:

> The most favorable view that can be taken of the state's evidence is that the accused neglected to be on a constant lookout to see an approaching vehicle in time to stop his car before striking it. There is no proof that he was driving in a reckless manner or at a rate of speed such as to indicate a wilful or wanton disregard for the safety of persons or property. In the absence of such proof, it is to be assumed that the presence of passengers for hire in his own car would indicate a contrary state of mind. At most, he was shown to be guilty of mere negligence, and liable only in a civil action. It was evidently not the purpose of the statute here involved to punish as criminal such acts of simple negligence, or even where gross negligence is shown, in traffic accidents unless it is of such character as to evince a wilful or wanton disregard for the safety of persons or property on the highways. By this, we do not mean, however, that no conviction can be allowed to stand in any case where the accused is not shown to have been driving at an excessive or dangerous rate of speed. Each case must be determined on its own facts. There may be other circumstances indicating the wilful or wanton attitude of the accused, not present in the case at bar.

*Sanford v. State*, 16 So. 2d 628, 628-29 (Miss. 1944).

Since that early case, a Mississippi court has found recklessness when a driver was traveling at 135 mph in a 40 mph zone (his reason: "because 'I wanted to'"), passing other vehicles, and weaving in and out of traffic. *Nix v. State*, 763 So. 2d 896, 900 (Miss. Ct. App. 2000). In another case, the court found a driver's actions reckless when he ran a stop sign and "jumped" through a highway intersection. All four wheels left the pavement during the maneuver, which "clearly showed a serious lack of

judgment and disregard for the safety of [the driver] and others." *Knight v. State*, 14 So. 3d 76, 81 (Miss. Ct. App. 2009).

There are no examples of Mississippi courts finding the type of actions alleged here to meet the reckless driving standard. Plaintiffs allege that Howard approached the intersection at a constant, albeit excessive, speed, and was looking down rather than ahead. Whether these facts make Howard guilty of negligence is undoubtedly a jury question. However, it is the Court's opinion that no reasonable jury could conclude that Howard is guilty of reckless driving. Accordingly, the Defendants are entitled to judgment as a matter of law in regard to the Plaintiffs' reckless driving claim against Howard.

<u>Causation</u>:

Defendants contend that the Plaintiffs' wrongful death claim against Howard fails as a matter of law because Plaintiffs cannot prove the required element of causation. Defendants argue that Plaintiffs must prove that Howard's negligence caused the death of the minor J.R.R. in order to recover under the wrongful death statute, and it was actually Harry Rafferty's decision to allow the children to ride in the bed of the pickup truck that caused J.R.R.'s death.

Plaintiffs respond that causation is an issue for the jury, and there is sufficient evidence for the jury to find that Howard's negligence was a proximate cause of the accident and therefore, J.R.R.'s death. The Court agrees that the evidence produced in this case could cause reasonable minds to differ on the proximate cause of J.R.R.'s death. In these circumstances, the jury should determine the question. *Meaut v.*

*Langlinais*, 126 So. 2d 866, 868 (Miss. 1961).  Accordingly, Defendants are not entitled to judgment as a matter of law in regard to Plaintiffs' wrongful death claim.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Defendants' Motion for Partial Summary Judgment as to Non-Economic Damages [101] is **DENIED** as premature.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendants' Motion for Partial Summary Judgment [103] as to Reckless Driving is **GRANTED**.  Plaintiffs' claim of reckless driving pursuant to MISS. CODE § 63-3-1201 is **DISMISSED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the Defendants' Motion for Partial Summary Judgment [105] Regarding Causation is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 20th day of September 2010.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge