IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOHN R. RAFFERTY and § | | |
| NATALIE RAFFERTY, § | | |
| individually and as natural § | | PLAINTIFFS |
| parents and wrongful death § | | |
| beneficiaries of J.R.R., a minor § | | |
| § | | |
| v. § | | CAUSE NO. 1:09CV260 LG-RHW |
| § | | |
| SHAWN D. HOWARD and § | | |
| COMMERCIAL EXPRESS, INC. § | | DEFENDANTS |

## ORDER GRANTING MOTION TO STRIKE CERTAIN EXPERTS

BEFORE THE COURT is Plaintiff's Motion [83] to Strike Certain Experts and Motion in Limine. Defendant Howard responded largely in agreement with the Plaintiffs. After due consideration of the Motion, it is the Court's opinion that it should be granted.

DISCUSSION

The facts of the fatal accident at issue in this case have been set out in the Court's previous Orders and are incorporated by reference. Plaintiffs argue that Defendant Shawn Howard has improperly designated as expert witnesses, two police officers with the Iuka Police Department who responded to the accident scene. Howard designated Officers Jeremy Lovelace and Randy Stringer to testify to "the facts, physical evidence, observations, opinions and conclusions contained in their State of Mississippi Uniform Crash Report, including any expert and/or lay opinions contained in the report." Def. Shawn Howard's Designation of Experts 5, ECF No. 68.

The Plaintiffs object to the last portion of the designation, in which it appears

that the Officers will give expert testimony. They argue that both of these Officers testified in their depositions that they are not trained in accident reconstruction, and so neither could provide expert testimony of that nature.[1] Lovelace testified that his relevant training consisted only of how to write an accident report. ECF No. 83 p. 7. He prepared and signed the accident report in this case. Officer Stringer "coordinated traffic and tried to preserve the scene and tried to get traffic flowing again." ECF No. 83 p. 13.

Whether to admit or exclude evidence, including expert testimony, is within the discretion of the trial court. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141-43 (1997). "If . . . technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise. . . ." FED. R. EVID. 702. The Court must determine whether (1) the expert is qualified by special knowledge, (2) his opinion is relevant, and (3) has a reliable basis. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993).

Howard agrees that Officers Lovelace and Stringer do not have specialized knowledge in accident reconstruction that would help the jury understand the evidence. However, the officers do have personal knowledge derived from their presence at the scene and investigation of the accident. They need not be designated as an expert witness to testify to matters within their direct personal knowledge. *See*

---

[1] Howard has designated another individual as an accident reconstruction expert.

*Stinson Air Ctr., LLC v. XL Spec. Ins. Co.*, 2005 WL 5979097 (W.D. Tex. July 8, 2005). As there is the possibility that designating the Officers as expert witnesses will confuse the jury and give undue significance to their testimony, Howard's motion to strike the designation will be granted. Although Officers Lovelace and Stringer may testify as any other fact witness, they will not be allowed to offer expert opinion testimony.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Plaintiff's Motion [83] to Strike Certain Experts and Motion in Limine is **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 20th day of September 2010.

*s/Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge